(Nos. 1611-1612—Consolidated

TONY A. FENOGLIO, No. 1611 AND JAMES FLETCHER, No. 1612, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 8, 1931.*

T. W. RENNICK AND LOUIS A. ZEARING, for claimants.

OSCAR E. CARLSTROM, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

As the facts upon which these two claims are based are identical the claims have been consolidated for hearing and decision. On the night of February 17, 1930 claimants were driving along State Highway No. 7, near the Village of DePue, in an automobile belonging to claimant, Fletcher. The night was very foggy and the pavement was slippery with ice. The fog was so dense that claimants could not see far ahead of their car, and the pavement was so icy that the employees of the Highway Department were spreading cinders on the hillsides and curves of the road, the cinders being hauled in a truck driven by Henry Morris. Near 12 o'clock at night, while the truck was being driven along the highway from one point where cinders were being spread to another, claimants ran into it from the rear and the automobile of Mr. Fletcher was seriously damaged by the collision, Mr. Fletcher himself more or less injured and claimant Fenoglio somewhat bruised and his clothing damaged. Mr. Fletcher is asking damages in the sum of $1,500.00 and Mr. Fenoglio in the sum of $100.00.

The evidence is conflicting as to the speed which claimants were driving, they saying they were driving 20 to 22 miles per hour, while the employees of the State testify they were

driving much faster than that. The truck had a red rear light, a red lantern on the rear of the cab, a white light on the side and its head lights all burning before and at the time of the collision and was being driven between five and ten miles per hour.

Claimants suits are based on the theory that the injuries to them and their car were caused by the negligence of the employees of the State. The State is never liable for damages caused by the negligence of its officers, employees or agents. This rule of law has been so repeatedly announced by this and other courts that citation of authorities is not deemed necessary. In view of this established rule the State is not liable for the damages claimed even though they might have been caused by the negligence of its employees.

It is fundamental that before one can recover in an action of this kind two things must appear—the party causing the injury must have been guilty of negligence and the party injured must have been free from negligence. In this case the evidence clearly shows that the employees of the State were not guilty of negligence and that the injuries were not caused by any wrongful act of theirs. The proof further shows that had the claimants been using that care and caution which the conditions of the road and weather required of them at the time the collision would not have happened.

They are therefore not entitled to any award against the State in any view of the case. The claims are denied and the cases dismissed.